IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DAVID MARTIN, :
:
      Plaintiff, :
VS. : NO. 5:21-CV-00229-MTT-CHW
:
INTERNAL REVENUE SERVICE, :
*et al.*, :
:
      Defendant. :
_____ :

# ORDER

*Pro se* Plaintiff David Martin, an inmate who is currently incarcerated at the Baldwin State Prison in Hardwick, Georgia, has filed documents that have been construed as a complaint and amended complaint seeking relief under 42 U.S.C. § 1983 (ECF Nos. 1, 5). Plaintiff also seeks leave to proceed *in forma pauperis*. For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, but Plaintiff will be required to recast his claims on the Court's standard form if he wishes to proceed with this action.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* (ECF No. 2) is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.   Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the Baldwin State Prison. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each

month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

    II.    <u>Plaintiff's Obligations Upon Release</u>

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**ORDER TO RECAST**

According to Plaintiff, this action "raise[s] three (3) claims of federal rights that's being violated" by Defendants. Recast Compl. 2, ECF No. 5. First, Plaintiff alleges that the IRS violated his federally-protected rights by failing to release stimulus checks to him and other prisoners. *Id.* at 3. Second, Plaintiff appears to contend that the Georgia Department of Corrections wrongfully profited from prisoner labor because it "was not required to pay fines in order to allow prisoners to work for free while . . . benefit[t]ing off

the free labor." *Id.* at 4.  Third, Plaintiff contends that Defendant Easley violated his federally protected rights by denying Plaintiff's special religious request and requiring Plaintiff to cut his hair.  *Id.* at 5.

A plaintiff may set forth only related claims in a single lawsuit.  A plaintiff may not join unrelated claims and various defendants in his complaint unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences *and* if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20 (emphasis added).  "[A] claim arises out of the same transaction or occurrence if there is a logical relationship between the claims."  *Construction Aggregates, Ltd. v. Forest Commodities Corp.,* 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).  In this case, it is unclear from Plaintiff's submissions how each of the three sets of claims he has asserted are logically related to one another.

Plaintiff is accordingly **ORDERED** to entirely recast his Complaint to include all amendments and additional facts he wishes to make a part of his pleading.  The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action.  Plaintiff must then list each defendant again in the body of his complaint and tell the Court exactly how that individual violated his constitutional rights. Plaintiff should state his claims as simply as possible and need not attempt to include legal citations or legal terminology.  If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.  Likewise, if Plaintiff makes no

allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that the opportunity to recast is not an invitation for him to include every imaginable claim that he may have against any state official. Plaintiff will not be permitted join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims, as required by Rule 20.

**The recast complaint will supersede (take the place of) the original Complaint and the Amended Complaint in this case** (ECF Nos. 1, 5). The Court will not look back to the factual allegations in the original Complaint to determine whether Plaintiff has stated a cognizable constitutional claim in this case. The Clerk is **DIRECTED** to forward a copy of the standard § 1983 form marked with the case number of the above-captioned action to the Plaintiff that Plaintiff should use to recast his Complaint. Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to submit his recast complaint on this form. The Clerk is also **DIRECTED** to send Plaintiff two blank copies of the § 1983 form that Plaintiff may use to file a complaint about any claims that are unrelated to the subject of his recast complaint.

## CONCLUSION

Based on the foregoing, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED,** and Plaintiff **ORDERED** to recast his Complaint on the Court's standard form within **TWENTY-ONE (21) DAYS** of the date of this Order. Plaintiff is further **DIRECTED** to notify the Court of any change of address. **Plaintiff's failure to**

**fully and timely comply with this Order may result in the dismissal of this action.**

There shall be no service of process in this case until further order of the Court.

    **SO ORDERED**, this 14th day of October, 2021.

                                              s/ Charles H. Weigle
                                              Charles H. Weigle
                                              United States Magistrate Judge